IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MAXLY D. PARKER, *et al*,

    Plaintiffs,

v.                                                                                              No. 1:24-cv-00582-DHU-KRS

FNU LNU, *et al*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court on the Prisoner Civil Rights Complaint filed by 19 inmate-plaintiffs: Maxly D. Parker; Lawrence Sanchez; Samson Solomon; Mark Lucero; Ryan Mathis; Anthony Lawrence; Jesus Arreola; Miguel Buendia; Ruben Sanchez; Bartholomew Whitegoat; Tristan Gallegos; Justin Wheeler; John Chavez; Zachary Gordon; Caesar Chavez; Stephan Tremayne Thompson; Jason Stalter; Cameron Lucero; Christopher Bamburg. *See* Doc. 1. The pleading purports to raise class action 42 U.S.C. § 1983 claims challenging the inmates' conditions of confinement and/or the prison's food service. As a threshold issue, the Court must determine whether it is feasible or permissible for 19 inmate-plaintiffs to prosecute this case.

    Fed. R. Civ. P. 20 governs the joinder of multiple plaintiffs. The Court, in its discretion, may permit a joinder where all claims arise from the same transaction/occurrence and share at least one question of law or fact. *See* Rule 20(a)(1); *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1499 (10th Cir. 1983) (permissive joinder is a matter of discretion).

    Even where these requirements are met, the Court may disallow a joinder based on the inherent impracticalities associated with *pro se* prisoner litigation. *See Bourn v. Geo Grp., Inc.*,

2012 WL 451286, at *2 (D. Colo. Feb. 13, 2012) ("Many federal district courts have found that the pervasive impracticalities associated with multiple-plaintiff prisoner litigation militate against permissive joinder otherwise allowed by Fed. R. Civ. P. 20(a)(1)"); *Ricky L. Hollins, et al., v. KDOC Staff, et al.,* 2024 WL 4836237, at *3 (D. Kan. Nov. 20, 2024) ("In the context of prisoner litigation specifically, district courts also have found that the impracticalities inherent in multiple-plaintiff lawsuits militate against permissive joinder otherwise allowed by Rule 20(a)(1)"); *Adams v. GEO Grp., Inc.*, 2021 WL 2407436, at *1 (W.D. Okla. Apr. 13, 2021) (same); *Bastian v. Jaramillo*, 2023 WL 4182806, at *2 (D.N.M. June 21, 2023) (same).  If multiple plaintiffs proceed in one case, for example, "any pleading filed [would need to] bear [each of] their signatures pursuant to [Fed. R. Civ. P.] 11(a)." *Bastian*, 2023 WL 4182806, at *2. Prison transfers "could, at any time, restrict interpersonal communication between Plaintiffs," preventing "them from … conferring with one another, reviewing proposed pleadings [to comply with Rule 11], and … meet[ing] the court's deadlines." *Dill v. Thomas*, 2023 WL 8115921, at *1–2 (W.D. Okla. Oct. 31, 2023).  *See also Pinson v. Whetsel*, 2007 WL 428191, at *1 (W.D. Okla. Feb. 1, 2007) ("If one inmate is moved during the course of the litigation, the court may find itself in the position of ordering prison officials to allow co-plaintiff inmates to correspond with each other, in derogation of a … legitimate prison policy.").

"A prisoner litigating jointly under Rule 20 [also] takes th[e] risks for *all* claims in the complaint, whether or not they concern him personally." *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004) (emphasis in original). This means that if the inmate-plaintiffs are proceeding *in forma pauperis* – which is true in the vast majority of cases – they could all accrue strikes under 28 U.S.C. § 1915(g) if the complaint is dismissed for failure to state a cognizable claim. *Id.* (explaining the risk that one plaintiff would accrue a strike by signing another plaintiff's filing);

28 U.S.C. § 1915(g) (noting inmate-plaintiffs accrue a strike each time their case is dismissed for failure to state a cognizable claim and that they cannot proceed *in forma pauperis* after accruing three strikes). Finally, "multiple-plaintiff prisoner litigation also raises concerns that *pro se* prisoner plaintiffs might be seeking to impermissibly provide legal assistance to each other in pursuing their claims." *Hunnicutt v. Smith*, 2021 WL 3618315, at *20–21 (D.N.M. Aug. 16, 2021) (quotations omitted).

The filings here implicate a number of these concerns. Almost half of the 19 inmate-plaintiffs have been transferred or severed contact with the Court following a release. *See* https://www.cd.nm.gov/offender-search/. Moreover, the opening pleading cites Fed. R. Civ. P. 23 to indicate the inmate-plaintiffs wish to proceed as a class. *See* Doc. 1 at 1. It is well settled that class representatives may not appear *pro se*. *See McGoldrick v. Werholtz*, 185 Fed. App'x 741, 744 (10th Cir. 2006) ("[B]ecause plaintiffs are *pro se*, the district court would have abused its discretion if it had certified a class action.") (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000)); 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1769.1 at 450 & n.13 (3d ed. 2005) ("class representatives cannot appear *pro se*").

For these reasons, the Court finds joinder is impractical in this case. Courts take different approaches where, as here, inmate-plaintiffs are not permitted to proceed together under Rule 20. Some courts dismiss the entire case and require each plaintiff to file a new case. *See, e.g., Ricky L. Hollins, et al., v. KDOC Staff, et al.,* 2024 WL 4836237, at *3 (D. Kan. Nov. 20, 2024) (noting the case featuring multiple inmate-plaintiffs "may not proceed as filed and is dismissed without prejudice"). If there is one primary filer among the inmate-plaintiffs, some courts permit that filer to proceed in the original action and dismiss the claims of the other-inmate plaintiffs without

prejudice to refiling.  *See, e.g., Gentry v. Lawton Corr. Facility*, 2014 WL 2712305, at *2 (W.D. Okla. May 13, 2014) (noting one plaintiff "has been the dominate filer thus far" and that the other plaintiff should be "dismissed from the action and be instructed that if he wishes to pursue his claims, he must file an independent action").

There is no primary filer in this case.  In addition, dismissing the claims and requiring each inmate-plaintiff to file their own case will not result in any prejudice because the claims are not time-barred. *See* Doc. 1; *Varnell v. Dora Consol. School Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014) ("[F]or § 1983 claims arising in New Mexico the limitations period is three years"). None of the inmate-plaintiffs have paid a fee in this case, as the Court deferred collecting any initial partial filing fees until after making a determination on the proposed class action joinder.

The Court will therefore dismiss this case, including the opening Prisoner Civil Rights Complaint (Doc. 1), without prejudice. Each inmate-plaintiff may file a new case limited to their own claims, if they wish to continue litigating. If any inmate-plaintiff continues to file amended pleadings in this closed case, the Court may direct the Clerk's Office to open a new case for that individual.

**IT IS ORDERED** that this case, including the opening Prisoner Civil Rights Complaint (**Doc. 1**), is **DISMISSED without prejudice**; and the Court will enter a separate judgment closing the civil case.

_____
HONORABLE DAVID HERRERA URIAS
United States District Judge